IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| JOHNATHAN SANTEDRO HOWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 317-001 |
| ) | |
| WARDEN HALL; ) | |
| WARDEN GAMMAGE; ) | |
| WARDEN McCLOUD; ) | |
| WARDEN MS. LEWIS; ) | |
| UNIT MANAGER GRANT; REGIONAL ) | |
| DIRECTOR TOOLE; ASSISTANT OTIS ) | |
| STANTON; and LT. DAVIS, ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Telfair State Prison ("TSP") in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this civil rights case. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). Because of certain pleading deficiencies, the Court directed Plaintiff to file an amended complaint, (see doc. no. 4, pp. 4-6), which is now before the Court for screening. (Doc. no. 5.)

## I. SCREENING OF THE AMENDED COMPLAINT

### A. BACKGROUND

Plaintiff names the following Defendants: (1) Warden Hall, the "Head Warden" at TSP; (2) Warden Gammage, a Deputy Warden at TSP; (3) Warden McCloud, a Deputy Warden at TSP; (4) Warden Ms. Lewis, a Deputy Warden at TSP; (5) Unit Manager Grant, Manager over Tier I and Tier II at TSP; (6) Regional Director Toole, Southeast Region of Georgia Department of Corrections ("DOC"); (7) Assistant Regional Director Otis Stanton, Southeast Region of DOC; and (8) Lt. Davis, Officer at TSP. (Doc. no. 5, pp. 1, 4.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 31, 2016, Plaintiff was placed in administrative segregation based on a disciplinary charge of exposure. (Id. at 5.) On July 25, 2016, he was "written up" for failing to follow instructions, but he never had a disciplinary hearing or received any sanction for the charge. (Id.) However, three days later, on July 28, 2016, Defendants Grant and Hall placed Plaintiff in the Tier II program. (Id.) At a detention hearing on August 1, 2016, held because Plaintiff failed to complete Tier I, Plaintiff asked Defendant Grant why he had been assigned to Tier II, and her reply was "because I . . . said so." (Id.)

Plaintiff appealed his placement in the Administrative Segregation: Tier II Program. (Id. at 5, 9.) Defendant Stanton signed the denial of the appeal, explaining Defendants Hall and Toole advised Plaintiff had been unsuccessful in Tier I many times. (Id. at 9.) Warden Hall then denied the grievance Plaintiff filed about his placement in Tier II, and when Plaintiff "discussed this matter" with Defenants Davis, McCloud, Gammage, and Lewis, he was told that he could be

placed in Tier II without going to disciplinary court and the DOC's due process policy had nothing to doing with a Tier II placement. (Id. at 6.)

Plaintiff also lost unidentified personal property when he was temporarily transferred from TSP to Augusta State Medical Prison ("ASMP"). While Plaintiff was at ASMP, Defendant Grant and other prison officials moved another inmate into Plaintiff's cell and removed Plaintiff's property before the new inmate moved in. (Id.) When Plaintiff returned to TSP, his property could not be located. Plaintiff spoke to Defendants Stanton, Gammage, McCloud, and other prison officials about his missing property, and Plaintiff was eventually given a bag full of his property. (Id.) However, some of the property was missing, and although Defendants Grant and Davis were supposed to be working on finding his missing property, it had not been returned to him. (Id. at 7.)

By November of 2016, Plaintiff had progressed to phase 3 of Tier II, a level at which an inmate is permitted to have a tablet. However, Plaintiff has been denied his tablet on several occasions, and one time when he did get a tablet, it "did not sync when [Plaintiff] plugged it into the Kios machine." (Id.) Defendant Grant refuses to pass out tablets on any days other than Wednesdays and Fridays, even though Defendant McCloud told her to do so. (Id. at 7-8.) Without a tablet, Plaintiff has been unable to view videos that will help him with GED testing. Plaintiff seeks damages in the amount of $75.00 from each Defendant for every day he spends in Tier II. (Id. at 12.)

## B. DISCUSSION

### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction

4

does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Due Process Claim Against Any Defendant.

Plaintiff asserts his placement in the Administrative Segregation: Tier II Program violates his procedural due process rights because he was not given a proper opportunity to challenge his Tier II classification. Plaintiff's assertion fails to state a claim upon which relief can be granted because, as explained below, he has not alleged a protected liberty interest was implicated by his classification.

Prisoners have "no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." Kramer v. Donald, 286 F. App'x 674, 676 (11th Cir. 2008); see also Meachum v. Fano, 427 U.S. 215, 223-24 (1976) (fiding no liberty interest in transfer to less agreeable prison). However, there are two instances in which a prisoner may claim a protected liberty interest has been violated by placement in punitive segregation: the placement (1) "will inevitably affect the duration of his sentence"; or (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 486 (1995). As Plaintiff has not alleged his placement in Tier II will extend the length of his incarceration, the Court turns to the "atypical and significant hardship" prong.

"It is plain that the transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Al-Amin, 165 F. App'x at 738-39 (citing Hewitt v. Helms, 459 U.S. 460, 468 (1983), *modified on other grounds*, Sandin, 515 U.S. at 481)); see

5

also Chandler v. Baird, 926 F.2d 1057, 1060 (11th Cir. 1991) (stating Due Process Clause does not "create 'an interest in being confined to a general population cell, rather than the more austere and restrictive administrative segregation quarters.'" (citation omitted)). Thus, the Court must consider whether a deprivation of in-prison benefits "impose[s] atypical and significant hardship on [Plaintiff] in relation to the ordinary incidents of prison life." Hill v. Sellars, No. 5:15-CV-00453, 2016 WL 7972197, at *5 (M.D. Ga. Nov. 17, 2016) (citing Sandin, 515 U.S. at 484 and Wilkinson v. Austin, 545 U.S. 209, 223 (2005)), *adopted by*, 2017 WL 343638 (M.D. Ga. Jan. 23, 2017). To meet this pleading requirement, Plaintiff "must state or allege *facts* to show an 'atypical and significant hardship.'" Gilyard v. McLaughlin, No. 5:14-CV-185, 2015 WL 1019910, at *7 (M.D. Ga. Mar. 9, 2015). Stated otherwise, for the Court to determine whether the state has created a protected liberty interest, Plaintiff must allege sufficient facts about the "ordinary incidents of prison life" and the conditions of confinement he experiences to state a plausible claim for relief. See Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013); Hill, 2016 WL 7972197, at *5.

Plaintiff has not provided any information about the typical conditions at TSP, let alone alleged his conditions of confinement in Tier II pose an "atypical and significant hardship" on him. There is no baseline of typical conditions against which Plaintiff could plausibly allege his conditions of confinement in Tier II segregation impose a significant hardship. As to the conditions within Tier II, at best, Plaintiff has alleged that he does not have access on demand to a tablet that syncs with "the Kios machine." (Doc. no. 5, p. 7.) Even if Plaintiff had provided factual allegations concerning the conditions of confinement in the general population or other types of segregated confinement at TSP, the Court does not find restricted access to a tablet imposes an atypical and significant hardship. See Gilyard,

6

2015 WL 1019910, at *6-7 (dismissing Due Process claim where the plaintiff made little or no mention of conditions of prisoners not in administrative segregation, thereby failing to establish protected liberty interest); Watkins v. Humphrey, Nos. 5:12-CV-97 and 5:12-CV-118, 2014 WL 6998102, at *1-2 (M.D. Ga. Dec. 10, 2014) (dismissing Due Process claim where the plaintiff failed to provide facts comparing his conditions of confinement differed from those in the general population). As Plaintiff has not plausibly alleged atypical and significant hardship, he fails to establish he has a protected liberty interest. Accordingly, Plaintiff fails to state a procedural Due Process claim against any Defendant.

Although Plaintiff complains about the procedure by which he was placed in Tier II and does not appear to allege a substantive Due Process claim, in an abundance of caution the Court will address any such potential claim. The parameters of substantive due process have been succinctly summarized as follows:

> Substantive due process "protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition." Washington v. Glucksberg, 521 U.S. 702, 720-21 (1997) (citing Moore v. East Cleveland, 431 U.S. 494, 503 (1977)). Substantive due process differs from procedural due process in that "a violation of a substantive due process right . . . is complete when it occurs." McK[i]nney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994). Pursuant to Sandin, [t]he Due Process Clause standing alone confers no liberty interest in freedom from state action "taken 'within the sentence imposed.'" 515 U.S. at 480 (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983)). Meaning, "the Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement. Wilkinson, 545 U.S. at 221 (citing Meachum v. Fano, 427 U.S. 215, 225 (1976)).

Hill, 2016 WL 7972197, at *7.

As discussed in detail above, Plaintiff has not alleged conditions in Tier II that constitute an atypical and significant hardship, and thus no constitutionally protected liberty

7

interest is implicated. Accordingly, Plaintiff fails to state a substantive or procedural Due Process claim. See Smith v. Deemer, 641 F. App'x 865, 868-69 (11th Cir. 2016).

### 3. Plaintiff Fails to State a Valid Claim against any Defendant for the Loss or Damage of His Personal Property.

The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials. Grant v. Newsome, 411 S.E.2d 796, 799 (Ga. App. 1991). The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Thus, Plaintiff has an adequate remedy at State law, and he fails to state a valid § 1983 claim against any Defendant for the loss of any personal property.

### 4. Plaintiff Fails to State a Valid Claim Based on An Alleged Violation of Prison Regulations.

To the extent Plaintiff also complains his grievances about the various issues raised in his complaint were not processed in accordance with prison regulations, he fails to state a constitutional claim. An allegation of non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted. See Sandin, 515 U.S. at 481-82 (noting that many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews, 506 F. App'x at 984 (finding district court properly dismissed prisoner's claim concerning prison officials' alleged failure to

follow prison procedures with respect to grievances); Taylor v. White, Civ. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), *adopted by*, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012). Accordingly, Plaintiff has failed to state a separate claim upon which relief may be granted based on any alleged violation concerning the processing of his grievances.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 14th day of February, 2017, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA